UNITED STATES FEDERAL   COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ALLEN   ROBERT L. THOMAS AND ALLAN A. HAYE<br>            *Plaintiffs*<br>*vs.*<br><br>PCF INVESTMENTS INC,  ITS SUBISDARY PCF   PROPERTIES IN TX. LLC.,<br><br>            *Defendants* | Cause No. _____ |

## NOTICE OF REMOVAL

James M. Andersen hereby files this " **Notice of Removal**" to removed the entire case entitled James Allen, *et al.*, vs. PCF Investments Inc., its subsidiary PCF Properties LLC., which includes claims filed against James Andersen and Elizabeth Thomas  under cause No. 2020-35780 from the 80th  District Court Harris County Texas  to the U.S. District Bankruptcy Court for Delaware.

### I.      BACKGROUND FACTS

PCF Investments Inc.., is a Delaware Corporation and the sole managing member of PCF Properties in Texas LLC. Defendant PCF Investments Inc. as of the filing of this suit was also the 100% owner of Defendant PCF Properties in Texas LLC.

PCF Properties in Texas LLC., transacts all of its real estate business in the State of Texas in name of its managing member Defendant PCF Investments Inc. a Delaware Corporation and as asses close to a million dollars in assets.

Since at least the year of 2005, Defendant PCF Properties in Texas LLC., executes its alleged  purchase contracts its sale contracts in the name of its sole managing member

and 100% owner PCF Investments Inc. a Delaware Corporation, via its director Antony Halaris.

However PCF Investments Inc. a Delaware Corporation, has been administratively defunct for the last thirty (30) years and has no legal existence indeed on February 28, 2023, according the Jeffrey W. Bullock the Secretary of State of the State of Delaware who issued a certificate of status for PCF Investment Inc., the Delaware Corporation a "certified that this corporation no longer in existence and good standing under the laws of the State of Delaware have become inoperative and void the first day of March A.D. 1993 for Non-Payment of Taxes" ***This is more than 30 years ago***.

Additionally, on February 28, 2023, that Jeffrey W. Bullock the Secretary of State of the State of Delaware certificate of status also certifies that "I do hereby further certify that the aforesaid corporation was so proclaimed in accordance with the provisions of general corporation law of the State of Delaware on the seventeenth day of June A.D. 1993 the same having been reported to the **Governor** as having neglected or refused to pay their annual taxes."

The effect of the Governor proclamation against PCF Investment Inc., makes it a criminal offense a fined not more than $1,000 or imprisoned not more than 1 year, or both for whoever exercises or attempts to exercise any powers under the certificate of incorporation of any corporation which has been proclaimed by the Governor according to the laws in the State of Delaware. 8 DE Code § 513.

Despite the lack of the Delaware Corporation Defendant PCF Investment Inc., defunct status for last thirty (30) years and for whom has been proclaimed by the

Governor of the State of Delaware that its chapter has been repealed meaning said corporate has completely loss all its corporate powers since June 17, 1993, more than thirty (30) years ago but continues to illegally function actively as of today.

.      Movants alleges that the actions and allegations of Defunct Defendant PCF Investment Inc.,, are fraudulent. Since at least the year of 2005, has fraudulently using this 30 year old defunct corporation as a means to committed real estate fraud, in the Harris County Real Property Records in the State of Texas there are dozens of recorded defective warranty deeds of other victims recorded in the capacity of Antony Halaris as the director Defunct Defendant PCF Investment Inc., such deeds do not convey any title.

At issue is the fact that Defunct Defendant PCF Investment Inc., a Delaware Corporation via Antony Halaris as the director is fraudulently entering into contracts for real estate contracts that has already been sold.

Defunct Defendant PCF Investment Inc., alleges that on March 3, 2020 via its director Antony Halaris entered into a contract with counsel the Barry & Stewart Law Firm to purchase the property located at 8202 Terra Valley Lane, Tomball Tx., after it was already sold.

On March 3, 2020, Trustee James M. Andersen, foreclosed on James Allen/JEVE Enterprises lien an Amended Assumption Deed of Trust executed by Allan Haye and recorded in the Harris County Real Property Records on February 24, under clerk's file No. 2020-81003 (the "Mortgage Lien").

The recorded "Trustee Deed" recites that on March 3, 2020, the trustee James M. Andersen sold to the property own by **grantor** ALLAN A. HAYE **at 10:07 a.m.,** to James Allen

a/k/a Jeve Enterprises.

| | |
|---|---|
| **Deed of trust Date:** 2/1/2019 | **Foreclosure Sale Date:** 3/3/2020 |
| **Original Grantor(s)/Mortgagor(s):** ALLAN A. HAYE | **Foreclosure Sale Time:** 10:07 A.M. |
| **Original Beneficiary/Mortgagee:** JAMES ALLEN F/K/A JEVE ENTERPRISES | **Sale Amount** $214,420.00 |
| **Current Beneficiary/Mortgagee** JAMES ALLEN F/K/A JEVE ENTERPRISES | **Grantee/Buyer:** JAMES ALLEN F/K/A JEVE ENTERPRISES |

According to the Harris County Clerk Records on March 3, 2020, the Trustee James M. Andersen recorded James Allen "Trustee Deed" in the Public Harris County Real Property under Clerk File No. RP**-2020-97072**, at **11;50 A.m., conveying said property to James Allen.**

The recorded "Trustee Deed" recites that on March 3, 2020 under Clerk File No. RP**-2020-97072**, at **11;50 a.m** the Trustee conveyed title to said property to   James Allen:

**Legal Description of Property:** LOT TWENTY-FIVE (25), IN BLOCK TWO (2) OF MIRAMAR LAKE SECTION THREE (3) A SUBDIVISION IN HARRIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED UNDER FILM CODE NO. 55318 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS..

*[Seal: County Court of Harris County, Texas]*   *Diane Trautman*
COUNTY CLERK
HARRIS COUNTY, TEXAS

```
RP-2020-97072
#  Pages  4
03/03/2020  11:50 AM
e-Filed & e-Recorded in the
Official Public Records of
HARRIS  COUNTY
DIANE  TRAUTMAN
COUNTY  CLERK
Fees    $24.00
```

*[Seal: County Court of Harris County, Texas]*   *Diane Trautman*
COUNTY CLERK
HARRIS COUNTY, TEXAS

On March 13, 2020, defunct Defendant PCF Investment Inc., 100% owned

subsidiary Defendant PCF Properties of Texas LLC., filed Substitute Trustee Deed, under Clerk File No. RP-2020-116399 claiming to have purchased the same said property as Mr. Allen on March 3, 2020, at **12:38 P.M,**

<u>Specifically</u>: PCF claims that on <u>March 13, 2020</u>, the Substitute Trustee Anna Sewart recorded a "Substitute Trustee Deed" in the Public Harris County Real Property under Clerk File No. RP-2020-116399 which purports to have sold the same said property to Defendant PCF Properties In Tx. LLC, on March 3, 2020, at **12:38 P.M**.

**Deed of Trust Date:**
10/19/2007
**Original Grantor(s)/Mortgagor(s):**
ELIZABETH THOMAS, AN UNMARRIED PERSON
**Original Beneficiary/Mortgagee:**
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") SOLELY AS A NOMINEE FOR FLAGSTONE LENDING GROUP, ITS SUCCESSORS AND ASSIGNS
**Current Beneficiary/Mortgagee:**
JPMorgan Chase Bank, National Association
**Property County:**
HARRIS

**Foreclosure Sale Date:**
3/3/2020
**Foreclosure Sale Time:**
12:38 pm
**Sale Amount:**
$218,000.00

**Grantee/Buyer:**
P.C.F. PROPERTIES IN TX, LLC
**Grantee/Buyer Address:**
6046 FM 2920 RD STE 160
SPRING, TX 77379

Plaintiffs alleges that this a legal impossibility for PCF to have purchase the same said property on March 3, 2020, at **12:38 p.m** because the property was already sold to James Allen on March 3, 2020, at **10:07 am**.

**Deed of trust Date:**
2/1/2019
**Original Grantor(s)/Mortgagor(s):**
ALLAN A. HAYE
**Original Beneficiary/Mortgagee:**
JAMES ALLEN F/K/A
JEVE ENTERPRISES
**Current Beneficiary/Mortgagee**
JAMES ALLEN F/K/A
JEVE ENTERPRISES

**Foreclosure Sale Date:**
3/3/2020
**Foreclosure Sale Time:**
10:07 A.M.
**Sale Amount**
$214,420.00
**Grantee/Buyer:**
JAMES ALLEN F/K/A
JEVE ENTERPRISES

The Public Harris County Real Property Records, clearly evidences that on March 3, 2020, at **10:07 A.M.,** the Trustee James M. Andersen sold said property at issue to James Allen a/k/a Jeve Enterprise; thereinafter the Trustee recorded to the Trustee Deed conveying title to Mr Allen on **March 3, 2020** in the Public Harris County Real Property

Records under **RP-2020-97072**, at **11;50 a.m.**

At 12:38 p.m. on March 3, 2020, when PCF sought to purchase said property it was already sold to James Allen at 10:07 a.m. and the Trustee Deed conveying title was recorded also on March 3, 2020 at at **11;50 a.m,** according to the Public Harris County Real Property Records.

| Original Grantor(s)/Mortgagor(s):<br>ELIZABETH THOMAS, AN UNMARRIED PERSON<br>Original Beneficiary/Mortgagee: | Foreclosure Sale Time:<br>12:36 pm<br>Sale Amount: |
|---|---|
| Deed of trust Date:<br>2/1/2019 | Foreclosure Sale Date:<br>3/3/2020 |
| Original Grantor(s)/Mortgagor(s):<br>ALLAN A. HAYE | Foreclosure Sale Time:<br>10:07 A.M. |
| Original Beneficiary/Mortgagee:<br>JAMES ALLEN F/K/A JEVE ENTERPRISES | Sale Amount<br>$214,420.00 |
| Current Beneficiary/Mortgagee<br>JAMES ALLEN F/K/A JEVE ENTERPRISES | Grantee/Buyer:<br>JAMES ALLEN F/K/A JEVE ENTERPRISES |

On March 3, 2020, when the Trustee James Andersen foreclosure on the property at issue and sold it to James Allen at 10:07 am, there were no recorded lien encumbering said property other than the JEVE Lien was recorded on November 1, 2017.

Since Defunct Defendant PCF Investment Inc., a Delaware Corporation its subsidiary PCF Properties in Texas LLC., has since filed suit against James M. Andersen alleging that he fraudulently recorded certain instruments,

Since Defunct Defendant PCF Investment Inc., a Delaware Corporation its subsidiary, PCF Properties in Texas LLC., has filed false claims against Elizabeth Thomas and seeks to litigate theses claims.

Since Defunct Defendant PCF Investment Inc., a Delaware Corporation its subsidiary, PCF Properties in Texas LLC., has filed false claims against Robert L. Thomas and seeks to litigate theses claims.

Since Defunct Defendant PCF Investment Inc., a Delaware Corporation its subsidiary, PCF Properties in Texas LLC., has filed false claims against Allan A. Haye and seeks to litigate theses claims.

The total value of the claim in dispute is $495,782.00 for which Defunct Defendant PCF Investment Inc., a Delaware Corporation its subsidiary, PCF Properties in Texas LLC., is owed to them and Movants claim that there is dispute that claims belongs to the Movants.

Defunct Defendant PCF Investment Inc., a Delaware Corporation alleges that property it has purchased in its name in varies belongs to said corporation. Corporations are a legal entity a legal person as such all said real property belongs to PCF Investment Inc, not its members for which said corporation does not have any managing member or board of directors –or any owners.

Defunct Defendant PCF Investment Inc seeks to litigate issues involving its real estate property through its corporate powers that it does not have by hiring a attorney to litigate in the State of Texas via its 100% own subsidiary Defendant PCF Properties of Texas LLC., for whom neither has any authorized managing members of their own.

Movants allege and the evidence supports that Defendant PCF Investment Inc., a Delaware Corporation has been defunct for the last thirty (30) years past the statutory provisions of Delaware law which mandates that after ten (10) years of being dissolved the only way PCF Investments Inc., ("the Corporation") may become re-empowered to defend its interests or make corporate decisions in the litigation is through the appointment of a receiver or a trustee under § 279, in the State of Delaware.

### Removal under 28 U.S.C. §1452

Defunct Defendant PCF Investment Inc., had taken these action seeking a state court to ignore, disregard, and alter or modify the ten (10) statutory bar under § 279 and ignore the Governor of Delaware proclamation. This bankruptcy proceeding is constitutionally as well as statutorily "core" within the Supreme Court's recent ruling in **Stern v. Marshall**, 131 S. Ct. 2594 (2011). Based on the language of § 1452, a party may remove any civil action over which a bankruptcy court has jurisdiction under 28 U.S.C. § 1334. Pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 1334(b); and pursuant to 28 U.S.C. §9027(a)(2).

### ADOPTION AND RESERVATION OF DEFENSES

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the rights to maintain and/or assert a cause of action to appoint a receiver in the Delaware Court of Chancery and any other pertinent defense available.

### CONCLUSION

**WHEREFORE**, the James M. Andersen, pro,se hereby, with this Notice of Removal remove entire case entitled James Allen, *et al.*, vs. PCF Investments Inc., its subsidiary PCF Properties LLC., from the 80TH Judicial District Court, Harris County Texas under cause No. 2020-35780, to the United States District Court for the Delaware.

Respectfully submitted,

By:/s/**James M. Andersen**  Pro, Se
James M. Andersen
P. O. Box 58554
Webster, Texas 77598-8554

Tel. (281)488-2800
Fax. (281)480-4851
E-Mail:jandersen.law@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2023, a true and correct copy of the foregoing instrument has been served by electronic transmission via the Court's CM/ECF system upon all parties designated as parties registered to receive electronic notice in this case or by regular mail with the United States Post Office upon:

PCF INVESTMENTS INC.
2711 CENTERVILLE ROAD SUITE 400
WILMINGTON DE 19808

By:/s/**James M. Andersen**  Pro, Se
James M. Andersen